UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KYLE GREGORY STONE,

    Plaintiff,

v.

RICHARD HARBAUGH,

    Defendant.

_____/

Case No. 1:23-cv-10855
District Judge Thomas L. Ludington
Magistrate Judge Kimberly G. Altman

**REPORT AND RECOMMENDATION TO DENY
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
ON THE BASIS OF EXHAUSTION (ECF No. 19)**[1]

I.    Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff Kyle Gregory Stone (Stone) is suing Richard Harbaugh (Harbaugh), a health unit manager at the Woodland Center Correctional Facility (WCC) in Whitmore Lake, Michigan where Stone is currently incarcerated. Stone alleges that Harbaugh has refused to provide him with a CPAP machine, which he needs to treat his sleep apnea, in violation of his Eighth Amendment rights. (ECF No. 1). The complaint was originally filed in the Western District of Michigan, then transferred to this

---

[1] Upon review of the parties' papers, the undersigned deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(1).

1

district. (ECF No. 3). All pretrial matters have been referred to the undersigned. (ECF No. 16).

Before the Court is Harbaugh's motion for summary judgment on the basis of exhaustion. (ECF No. 19). The motion is fully briefed, (ECF Nos. 23, 24), and ready for consideration. For the reasons that follow, the undersigned RECOMMENDS that the motion be DENIED. If this recommendation is adopted, the undersigned will enter a scheduling order to set deadlines for discovery and dispositive motions on the merits of the case.

## II. Stone's Step III Grievance Report

Harbaugh argues that Stone has failed to exhaust his administrative remedies through the Michigan Department of Corrections (MDOC) grievance process. Under that process, grievances must be denied at three steps in order to be fully exhausted, which will be explained more thoroughly below. Harbaugh has attached to his motion a Step III Grievance Report containing the grievances that Stone has pursued through all three steps of the process. (ECF No. 19-3). The report shows the following grievances that Stone pursued through Step III at WCC, as summarized in the following chart included in Harbaugh's motion:

| Grievance No.[1] (Ex. 2 Pincite) | MDOC Def.(s) grieved at Step I | Issue(s) grieved at Step I | Grievance Outcome |
|---|---|---|---|
| WCC-22-06-1714-28e (8–13) | None | As of 6-4-22, healthcare had refused to take a piece of plastic he had swallowed an on an unknown date. | Step I: denied<br>Step II: denied<br>Step III: rejected (untimely rec'd at Step III) |
| WCC-22-06-1713-28c (14–17) | None | As of 6-1-22, mental health provider had been prescribing medication that caused him to gain weight; he had also been receiving shots, and his medication had been crushed. | Step I: rejected (multiple issues)<br>Step II: rejection aff'd<br>Step III: rejection aff'd |
| WCC-21-08-0761-28i (18–22) | None | As of 8-5-21, medical had been denying him access to his CPAP machine.<br><br>(Harbaugh was Step I reviewer.) | Step I: denied<br>Step II: denied<br>Step III: rejected (did not attempt to resolve at Step I) |

(ECF No. 19, PageID.41 (internal footnote omitted)).

As will be discussed below, defendants argue that the only relevant grievance, WCC-22-06-1714-28e (WCC-761) did not name Harbaugh and therefore failed to exhaust Stone's claims against him.

3

III.     Summary Judgment Standard

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the case under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

"The moving party has the initial burden of proving that no genuine issue of material fact exists. . . ." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotation marks omitted); cf. Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact," the court may "consider the fact undisputed for purposes of the motion"). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.' " *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The fact that Stone is *pro se* does not reduce his obligations under Rule 56. Rather, "liberal treatment of pro se pleadings does not require lenient treatment of

4

substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006). Additionally, "once a case has progressed to the summary judgment stage, as is true here, the liberal pleading standards under the Federal Rules are inapplicable." *J.H. v. Williamson Cnty.*, 951 F.3d 709, 722 (6th Cir. 2020) (quoting *Tucker v. Union of Needletrades, Indus., & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005)) (cleaned up).

IV. Exhaustion of Administrative Remedies

A. Legal Standard

The PLRA requires prisoners to "properly" exhaust all "available" administrative remedies prior to filing a lawsuit challenging prison conditions. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-90, 93 (2006). Proper exhaustion of administrative remedies "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Woodford*, 548 U.S. at 90 (emphasis in original) (internal quotation marks and citations omitted). Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court and produces a useful administrative record. *Jones v. Bock*, 549 U.S. 199, 204 (2007). The PLRA does not detail what "proper exhaustion" entails because "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.* at 218.

5

"Failure to exhaust administrative remedies is an affirmative defense, which the defendant has the burden to plead and prove by a preponderance of the evidence." *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015). But a prisoner countering a motion alleging failure to exhaust "must offer competent and specific evidence showing that he indeed exhausted his remedies, or was otherwise excused from doing so." *Sango v. Johnson*, No. 13-12808, 2014 WL 8186701, at *5 (E.D. Mich. Oct. 29, 2014), *report and recommendation adopted*, 2015 WL 1245969 (E.D. Mich. Mar. 18, 2015). Granting summary judgment because of a failure to exhaust administrative remedies is not on the merits and thus requires dismissal without prejudice. *Adams v. Smith*, 166 F. App'x 201, 204 (6th Cir. 2006).

The MDOC has established a three-step process to review and resolve prisoner grievances. "Under the [Michigan] Department of Corrections' procedural rules, inmates must include the '[d]ates, times, places and names of all those involved in the issue being grieved' in their initial grievance." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010). As noted by the Court in *Woodford*, one of the purposes of requiring proper exhaustion is to "provide[ ] prisons with a fair opportunity to correct their own errors." *Woodford*, 548 U.S. at 94. To be sufficient, a grievance need not "allege a specific legal theory or facts that correspond to all the required elements of a particular legal theory." *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003) *abrogated with respect to other principles*

6

by *Jones v. Bock*, 549 U.S. 199 (2007). Nonetheless, the grievance must give "fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint." *Id.*

Under MDOC PD 03.02.130, prisoners must provide the following information at Step I of the grievance process: "The issues should be stated briefly but concisely. Information provided is to be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places, and names of all those involved in the issue being grieved are to be included." MDOC PD 03.02.130 ¶ S (underscoring omitted).

"The grievance process is exhausted once the final response is issued in Step III." *Parker v. Turner*, No. 20-12794, 2022 WL 1787037, at *2 (E.D. Mich. June 1, 2022).

B. Application

As noted above, Harbaugh argues that the only relevant grievance, WCC-761, did not name him and thus did provide fair notice to him of the potential claim.

Stone's grievance was filed on August 5, 2021. (ECF No. 19-3, PageID.84). In it, Stone stated that his Eighth Amendment rights were being violated because "medical" refused to give him a CPAP machine to treat his sleep apnea or to

7

transfer him somewhere that would allow a CPAP machine. (*Id.*). He said that he tried to discuss this with medical on August 2, 2021, to no avail. (*Id.*).

The grievance was denied at Step I on August 13, 2021. (*Id.*, PageID.85). An MDOC nurse responded that Stone had a medical accommodation for an extra pillow and was approved for a new sleep study, but that CPAP machines are not allowed for inpatient mental health inmates. (*Id.*). The decision originally read that the grievance was "resolved," but this was crossed out and "denied" was handwritten over the word "resolved." (*Id.*). Harbaugh signed the denial and was listed as the reviewer. (*Id.*).

Stone timely appealed the grievance to Step II on September 8, 2021, continuing his request for a CPAP machine. (*Id.*, PageID.82-83). The Step II response indicated that a CPAP machine would not be allowed at WCC, and that documentation revealed Stone's history of self-injurious behavior, including foreign body ingestion, that has involved his CPAP machine in the past. (*Id.*). Thus, the risk of allowing Stone to have a CPAP machine outweighed its perceived benefit, and his request was again denied. (*Id.*).

At Step III, Stone renewed his request, stating that the extra pillow did not help with his sleep apnea and that he needed his CPAP machine. (*Id.*). The Step III response was not a denial, but a rejection for failing to follow the MDOC grievance process. (*Id.*, PageID.81). Specifically, the response said that Stone

8

failed to attempt to resolve the issue with staff before filing the grievance. (*Id.*). Stone's electronic medical record did not show that he had made a written health care request for a CPAP machine. (*Id.*).

A grievance that has been explicitly rejected for a procedural reason and therefore not decided on its merits, is unexhausted. *See Reeves v. Salisbury*, No. 11-CV-11830, 2012 WL 3206399, at *5 (E.D. Mich. Jan. 30, 2012), *report and recommendation adopted in relevant part*, 2012 WL 3151594 (E.D. Mich. Aug. 2, 2012). However, "the Court is not required to blindly accept the state's application of the procedural rule." *Id.*; *see also Williams v. Winn*, No. 18-11060, 2019 WL 2252012 at *6 (E.D. Mich. Feb. 27, 2019) ("The rejection of a grievance is not, however, the end of the analysis. It is appropriate for the Court to review the prison official's administration of the state grievance procedure."), *report and recommendation adopted*, 2019 WL 1417166 (E.D. Mich. Mar. 29, 2019).

Harbaugh does not argue that the Step III rejection was valid or that Stone's claim is unexhausted for this reason. Instead, he argues that because he was not named in the grievance, the claim is unexhausted *as to him*.[2]

---

[2] Harbaugh also argues, in a footnote, that his "only involvement in this lawsuit appears to arise out of his involvement in the grievance process, which cannot sustain a claim under § 1983." (ECF No. 19, PageID.50). This statement of law is correct, *see Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008), but Harbaugh has not moved to dismiss the complaint on this or any other ground. Furthermore, it is plausible at this point in the case that Harbaugh as health unit manager would be liable for the denial of Stone's CPAP machine.

9

"[A] prisoner ordinarily does not comply with MDOC 130—and therefore does not exhaust his administrative remedies under the PLRA—when he does not specify the names of each person from whom he seeks relief." *Mattox v. Edelman*, 851 F.3d 583, 590-91 (6th Cir. 2017) (citing *Reed–Bey*, 603 F.3d at 324-25). "An exception to this rule is that *prison officials waive any procedural irregularities* in a grievance when they nonetheless address the grievance on the merits." *Id.* (emphasis added).

Stone's grievance was denied on the merits at Steps I and II and rejected for a different procedural reason at Step III.[3] In some instances, where a grievance names one or more individuals but does not name the movant, the issue is not considered waived because the MDOC would have no reason to reject the grievance for failing to specify the name of the individual from whom the prisoner seeks relief. *See, e.g.*, *Page v. Nenrod*, No. 4:22-CV-11571, 2023 WL 9065217, at *4 (E.D. Mich. Nov. 28, 2023), *report and recommendation adopted,* 2024 WL 37928 (E.D. Mich. Jan. 3, 2024). Here, although Stone's grievance did not name any specific individual responsible for his alleged mistreatment, the MDOC

---

[3] The propriety of the Step III rejection was not argued and is thus not before the Court. However, it would likely present a genuine issue of material fact for trial, as Stone alleges that he spoke to medical staff regarding the issue three days before filing his grievance. (ECF No. 19-3, PageID.84). Additionally, Stone attached to his response a written health care request dated November 21, 2020, complaining of his sleep apnea symptoms and requesting a CPAP machine. (ECF No. 23, PageID.97).

waived the procedural defect that Harbaugh now raises by failing to raise it at Steps I through III. Therefore, Stone's claim is exhausted, and Harbaugh's motion for summary judgment should be denied.

## V. Conclusion

For the reasons stated above, the undersigned RECOMMENDS that Harbaugh's motion for summary judgment on the basis of exhaustion, (ECF No. 19), be DENIED. If this recommendation is adopted, the undersigned will enter a scheduling order to set deadlines for discovery and dispositive motions on the merits of the case.

Dated: April 15, 2024  s/Kimberly G. Altman
Detroit, Michigan  KIMBERLY G. ALTMAN
 United States Magistrate Judge

## **NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health &*

*Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 15, 2024.

                                              s/Carolyn M. Ciesla
                                              CAROLYN M. CIESLA
                                              Case Manager