UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KYLE GREGORY STONE,

    Plaintiff,

v.

RICHARD HARBAUGH,

    Defendant.

_____/

Case No. 1:23-cv-10855
District Judge Thomas L. Ludington
Magistrate Judge Kimberly G. Altman

### ORDER GRANTING DEFENDANT'S MOTION TO TAKE DEPOSITION OF PLAINTIFF (ECF No. 30)

I.    Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff Kyle Gregory Stone (Stone) is suing Richard Harbaugh (Harbaugh), a health unit manager at the Woodland Center Correctional Facility (WCC) in Whitmore Lake, Michigan where Stone is currently incarcerated. Stone alleges that Harbaugh has refused to provide him with a CPAP machine, which he needs to treat his sleep apnea, in violation of his Eighth Amendment rights. (ECF No. 1). Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned. (ECF No. 16).

1

Before the Court is Harbaugh's motion to take Stone's deposition. (ECF No. 30). For the reasons that follow, the motion will be GRANTED.

## II.     Discussion

Rule 30 provides broad access to persons for depositions; Rule 30(a)(2)(B), however, requires a party to obtain leave of court where, as here, "the deponent is confined in prison." In determining whether it is appropriate to grant leave to conduct such a deposition, Rule 30(a)(2) provides that "the court must grant leave to the extent consistent with Rule 26(b)(1) and (2)[.]" According to Rule 26(b)(1), the scope of discovery is as follows: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Thus, [t]he "language of Rule 30(a)(2) *requires* the Court to authorize a deposition unless the deponent is seeking privileged, irrelevant, or unnecessarily costly information." *McGinnis v. Huq*, 2017 WL 1044989, at *1 (E.D. Mich. Mar. 20, 2017) (emphasis in original).

Considering these factors, the Court concludes that Harbaugh's request to depose Stone is consistent with the applicable Federal Rules of Civil Procedure and otherwise appropriate.

### III. Conclusion

Harbaugh's motion to take Stone's deposition is GRANTED. While it appears that Stone is currently confined at the Woodland Center Correctional Facility, Harbaugh may depose him at whichever facility he is confined to on the date of the deposition.

SO ORDERED.

Dated: May 13, 2024  
Detroit, Michigan

s/Kimberly G. Altman  
KIMBERLY G. ALTMAN  
United States Magistrate Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 13, 2024.

s/Julie Owens  
Acting in the absence of  
CAROLYN M. CIESLA  
Case Manager